UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
LATANYA LITTMAN,

                Plaintiff,

          -against-                     **MEMORANDUM & ORDER**
                                              **OF REMAND**

GLOBAL CONTACT SERVICES, LLC,         22-cv-5221(DLI)(PK)

                Defendant.
------------------------------------------------------------x

**DORA L. IRIZARRY, United States District Judge:**

On September 1, 2022, Global Contact Services, LLC ("GCS" or "Defendant") removed this action from New York State Supreme Court, Kings County ("state court"), to this Court. *See*, Notice of Removal ("Notice"), Dkt. Entry No. 1. For the reasons set forth below, this case is remanded to state court *sua sponte* for lack of subject matter jurisdiction.

## BACKGROUND

On July 20, 2022, Latanya Littman ("Plaintiff") filed a verified complaint in state court, alleging violations of the New York State Human Rights Law ("NYSHRL"), N.Y. Exec. Law. § 290, *et seq.*, and the New York City Human Rights Law ("NYCHRL"), N.Y.C. Admin. Code. § 8-101 *et seq.*, against Defendant. *See, generally,* Complaint ("Compl."), Dkt. Entry No. 1-1.

On September 1, 2022, Defendant removed the action to this Court, invoking this Court's diversity jurisdiction pursuant to 28 U.S.C. § 1332(a). *See*, Notice ¶ 5. To date, Plaintiff has not filed a motion for remand. Instead, on September 30, 2022, Plaintiff filed a Motion to Amend the Complaint, seeking to add two new defendants. *See,* Mot. to Amend, Dkt. Entry No. 10. On October 12, 2022, Defendant filed an opposition to Plaintiff's Motion to Amend. *See,* Def.'s Opp. Br., Dkt. Entry No. 13. On October 19, 2022, Plaintiff filed a reply brief and declaration. *See,*

Pl.'s Reply Br., Dkt. Entry No. 15; Pl.'s Reply Decl., Dkt. Entry No. 16.  For the reasons set forth below, the Court finds that it lacks subject matter jurisdiction and this case is remanded to state court for further proceedings.

## **DISCUSSION**

As a threshold matter, the Court first must address whether it may remand this case to the state court *sua sponte*, absent a motion from Plaintiff.  The relevant statute, 28 U.S.C. § 1447(c), states in pertinent part:

> A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a).  If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.

*Id.*  The Second Circuit has construed this statute to authorize a district court, at any time, to remand a case *sua sponte* upon a finding that it lacks subject matter jurisdiction.  *See*, *Mitskovski v. Buffalo & Fort Erie Pub. Bridge Auth.*, 435 F.3d 127, 131, 133-34 (2d Cir. 2006) (citing *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986)).   The Second Circuit has cautioned district courts to "construe the removal statute narrowly, resolving any doubts against removability."  *Lupo v. Hum. Aff. Int'l Inc.*, 28 F.3d 269, 274 (2d Cir. 1994).

Where, as here, a defendant seeks to remove a case based on diversity jurisdiction, the defendant bears the burden of establishing that the requirements of diversity jurisdiction have been met.  *See, Brown v. Eli Lilly & Co.*, 654 F.3d 347, 356 (2d Cir. 2011).  Such requirements include establishing that: (1) the amount in controversy exceeds the $75,000 jurisdictional threshold mandated by 28 U.S.C. § 1332(a); and (2) there is complete diversity of citizenship of the parties.  *See, Brown*, 654 F.3d at 356.  Upon review, the Court finds that Defendant has failed to meet its burden of establishing either jurisdictional requirement.  Thus, remand is proper.

I.  **Amount in Controversy Requirement**

As to the amount in controversy requirement, a removing party must establish "that it appears to 'a reasonable probability' that the claim is in excess of [$75,000]," exclusive of interest and cost. *United Food & Comm. Workers Union, Local 919, AFL-CIO v. CenterMark Properties Meriden Square, Inc.*, 30 F.3d 298, 305 (2d Cir. 1994) (internal citations omitted); 28 U.S.C. § 1332(a). "[I]f the jurisdictional amount is not clearly alleged in the plaintiff's complaint, and the defendant's notice of removal fails to allege facts adequate to establish that the amount in controversy exceeds the jurisdictional amount, federal courts lack diversity jurisdiction as a basis for removing the plaintiff's action from state court." *Lupo*, 28 F.3d at 273-74 (internal citations and quotation marks omitted).

Here, Defendant fails to meet its burden to show that the jurisdictional amount has been satisfied. The Notice contains nothing more than the conclusory assertion that the amount in controversy exceeds $75,000 because "Plaintiff has alleged damages in the form of back pay with pre-judgment and post-judgment interest; front pay; compensatory damages for emotional pain and suffering, mental anguish, embarrassment and humiliation; and punitive damages." Notice ¶ 8 (citing Compl. at 8). As an initial matter, interest may not be used to calculate the diversity jurisdictional threshold amount. *See,* 28 U.S.C. § 1332(a). Importantly, "Defendant cannot meet [its] burden by relying on inferences drawn from the Complaint, because the Complaint does not allege a damages amount." *See, Herrera v. Terner*, 2016 WL 4536871, at *2 (E.D.N.Y. Aug. 30, 2016).

The Complaint also lacks sufficient information concerning "the nature and extent of Plaintiff's injuries, the treatment received, or details regarding the other losses [s]he purportedly suffered." *See, Herrera*, 2016 WL 4536871, at *2. As such, the Court is left to guess at the amount

in controversy based on the Complaint's general allegations that Plaintiff "has suffered and continues to suffer loss of past and future earnings and employment-related benefits, harm to her professional reputation, mental anguish, embarrassment, humiliation, and other incidental and consequential damages." Compl. ¶¶ 24, 28, 31, 37, 41; *See, also, Id.* ¶¶ 20, 21 (alleging additionally that Plaintiff "has suffered the loss of her job and the opportunity to work" and "has been diagnosed with Major Depressive Disorder," but failing to allege any information about Plaintiff's salary, hours worked, or attempts to secure other employment and omitting any discussion of the extent of Plaintiff's injuries, including what symptoms, if any, Plaintiff experienced). "Such boilerplate pleadings do not suffice to establish that this action involves an amount in controversy adequate to support federal diversity jurisdiction." *Herrera*, 2016 WL 4536871, at *2; *See, Jean-Louis v. Amazon.com Servs., LLC*, 2022 WL 3867668, at *2-3 (E.D.N.Y. Aug. 29, 2022) (remanding action seeking, *inter alia*, back pay, front pay, and emotional distress damages where neither removal notice nor complaint alleged facts suggesting inability to obtain other employment in support of request for front pay or described extent and manifestation of the plaintiff's injury or symptoms in support of request for emotional distress damages). Based on the foregoing analysis, the Court finds that Defendant has failed to establish with reasonable probability that the amount in controversy requirement is met for purposes of establishing diversity jurisdiction.

Significantly, Defendant was not without recourse to determine the amount of damages Plaintiff seeks, as it could have availed itself of New York's procedure that permits a defendant in "an action to recover damages for personal injuries" to "at any time request a supplemental demand setting forth the total damages to which the pleader deems himself entitled." N.Y. C.P.L.R. § 3017(c); *See, Jean-Louis,* 2022 WL 3867668, at *3, n. 5 (confirming that "personal injuries" has

4

been interpreted to include emotional distress) (internal citations omitted). Under that procedure, a plaintiff is required to provide the supplemental demand within fifteen days of the request. N.Y. C.P.L.R. § 3017(c). Additionally, "the removal clock does not start to run until the plaintiff serves the defendant with a paper that explicitly specifies the amount of monetary damages sought." *Moltner v. Starbucks Coffee Co.*, 624 F.3d 34, 38 (2d Cir. 2010). Thus, rather than prematurely removing the action to this Court, Defendant could, and should, have availed itself of this procedure. *See, Herrera,* 2016 WL 4536871, at *2.

## II. Diversity of Citizenship Requirement

Although Defendant's failure to establish the amount in controversy alone is sufficient to warrant remand, the Court notes that Defendant also has failed to establish diversity of citizenship among the parties. A limited liability company ("LLC") takes the citizenship of each of its members. *See*, *Bayerische Landesbank, N.Y. Branch v. Aladdin Capital Mgmt. LLC*, 692 F.3d 42, 49 (2d Cir. 2012). Thus, as an LLC, Defendant must establish the identity and citizenship, not just residence, of each of its members, "'proceeding up the chain of ownership until it has alleged the identity and citizenship of every individual and corporation with a direct or indirect interest in the LLC.'" *See*, *Sixto v. Both Trucking, LLC*, 2022 WL 1124824, at *1-2 (quoting *U.S. Liab. Ins. Co. v. M Remodeling Corp.,* 444 F. Supp.3d 408, 410 (E.D.N.Y. 2020)).

Here, Defendant's Notice avers that "[a]ll members of GCS reside in and are citizens of North Carolina" but nowhere does it identify each member of GCS. Notice ¶¶ 3, 7. Without such information, the Court is unable to determine whether it has subject matter jurisdiction over this action. Moreover, in support of this averment, Defendant cites to an annexed declaration from CGS's General Counsel, Antoinette Currie, but that declaration alleges only that "[a]ll members of GCS *reside* in North Carolina." *See*, *Id.* (citing to Currie Decl., Dkt. Entry No. 1-2, ¶ 2)

5

(emphasis added). "It is well established that [a] statement of residence, unlike domicile, tells the court only where the parties are living and not of which state they are citizens." *See, Adrian Family Partners I, L.P. v. ExxonMobil Corp.*, 79 F. App'x 489, 491 (2d Cir. 2003) (internal quotations and citations omitted). Accordingly, Defendant has failed to establish complete diversity among the parties for purposes of invoking this Court's jurisdiction.

It bears noting that neither party is a stranger to the requirements for establishing diversity jurisdiction in federal court where a party is an LLC. On November 18, 2020, Plaintiff filed a substantially identical complaint against Defendant before the Honorable Eric R. Komitee, United States District Judge of this Court, who dismissed the action for lack of subject matter jurisdiction because Plaintiff was not able to plead "the identity and citizenship of each member of defendant [GCS, LLC.]" *See*, *Littman v. Global Contact Services, LLC*, Dkt. No. 20-cv-05620, Dkt. Entry No. 39. Notably, prior to dismissal, Judge Komitee had given Plaintiff an opportunity to show cause as to why the case should not be dismissed, explaining that, in order to establish diversity jurisdiction, "the identity and citizenship not just residence of each member of GCS [must be alleged], proceeding up the chain of ownership until the citizenship of every individual or corporation with a direct or indirect interest in GCS is alleged." *See,* Dkt. No. 20-cv-05620, Electronic Order to Show Cause dated June 14, 2022. However, the case ultimately was dismissed because Plaintiff responded to the show cause order with a letter stating that it was "not able to state with certainty the identity and citizenship of each member of the Defendant [GCS, LLC]." *See*, Dkt. No. 20-cv-05620, Dkt. Entry Nos. 36, 39. That Defendant has removed this action to this Court with apparent blatant disregard of Judge Komitee's clear explanation to the identical parties here as to what the law requires of a party seeking to establish diversity jurisdiction in an action where a party is an LLC is unacceptable and a waste of this Court's limited time and

resources.

### III.     Plaintiff's Motion to Amend the Complaint

Given the Court's lack of subject matter jurisdiction over this matter, the Court need not address Plaintiff's Motion to Amend the Complaint, which seeks to add two new defendants, nor does it need to address the parties' briefing on the same. However, it bears noting that Plaintiff's proposed Amended Complaint does not contain any new allegations regarding the amount in controversy or diversity of citizenship that would cure the abovementioned failure to establish that either requirement of diversity jurisdiction has been met. *See, generally,* Proposed Am. Compl., Dkt. Entry No. 10-4. The proposed Amended Complaint also fails to allege the citizenship of either new defendant it seeks to add. *See, generally, Id.* Moreover, Defendant contends that Plaintiff seeks to add the two defendants solely to "defeat diversity and divest this Court of its jurisdiction," but Defendant similarly fails to mention the citizenship of the proposed new defendants or provide any new averments to clarify the identity and citizenship of its own members. *See,* Def.'s Opp. Br. at 5-6, 9-10, 11. Indeed, even if the Court were to rule on Plaintiff's Motion to Amend, it is unclear how it would be able to do so without this basic and necessary information.

It is particularly puzzling and disturbing that both parties fail to remedy the deficient allegations regarding the citizenship of each member of the Defendant LLC in their briefing on Plaintiff's Motion to Amend given that, in their respective briefs, both parties discuss Judge Komitee's prior dismissal of this action for failure to establish the identity and citizenship of the Defendant LLC's members. *See,* Mot. to Amend at 5; Def.'s Opp. Br. at 2; Pl.'s Reply Decl. ¶ 2.

7

## **CONCLUSION**

For the reasons set forth above, this case is remanded for lack of subject matter jurisdiction to New York State Supreme Court, Kings County, under Index No. 520649/2022, for further proceedings.

SO ORDERED.

Dated: Brooklyn, New York
       October 21, 2022

                                                        /s/
                                       DORA L. IRIZARRY
                                  United States District Judge